REGAN, Judge.
The plaintiff, James Jackson, a carpenter, instituted this suit against the defendant, his employer, J. Edward Slatten, a.contractor, endeavoring to recover workmen’s compensation at the fate of $35 per week for a period of 400 weeks [1], together with attorney’s fees, medical expenses and penalties, for total and permanent disability, caused by a “spondylolisthesis” [2] ultimately resulting from injuries initially incurred on November 8, 1957, by virtue of two separate accidents.
Defendant answered and, in effect, denied that the accidents occurred, or if they did occur, defendant asserted that plaintiff had not incurred any compensable disability as a result thereof.
The Board of Administrators of the Charity Hospital of Louisiana at New Orleans intervened and requested that, in the event of judgment in favor of plaintiff, it have judgment in solido against both plaintiff and defendant in the amount of $72.50, together with $13.05 attorney’s fees.
From a judgment in favor of defendant dismissing plaintiff’s suit, he has prosecuted this appeal.
The record reveals that the plaintiff testified that both accidents occurred while he was employed as a carpenter during the course of the construction of a church. Although he asserted in his petition that both accidents occurred in the afternoon, he was permitted to testify that the first accident, a fall, occurred in the morning. He stated that while no one saw him fall, he later testified that he immediately informed both the pastor of the church and his foreman, Ivy Franklin, of the accident. Franklin, who was called as a witness on behalf of the plaintiff, denied that plaintiff told him that he had fallen or had otherwise injured himself. The pastor was not called to testify nor was any explanation given for his failure to appear herein on behalf of the plaintiff.
Plaintiff testified that the second accident occurred about two o’clock of the afternoon of the same day. He said that he wrenched his back when a bundle of siding which he *521 was carrying struck a brace in the alleyway of the church building. Plaintiff asserted that this accident was witnessed by Franklin, his foreman. Franklin not only fails to corroborate the occurrence of the accident, but testified that on this day the workers employed on this construction job were not carrying siding in bundles at all and that there were no braces. in the alleyway at a height of less than eight feet above the ground.
Plaintiff also insisted in his petition that after the second accident he rested for an hour, and after unsuccessfully attempting to resume work, he was advised by his foreman to go home. Although he claims that three persons saw him rest for an hour, there is no corroboration of this fact by plaintiff’s witnesses, and a special denial thereof by Harrison, a fellow employee called on behalf of the defendant.
Plaintiff insists that he was disabled after 2 p. m. On the other hand, the record shows that he failed to offer any explanation as to why he neglected to notify the defendant of these accidents when the defendant arrived on the job between 3:15 and 3 :30 p. m. in order to pay plaintiff and his co-workers their weekly wages.[3]
In his petition plaintiff also alleged that after the second accident, he was unable to lift more than one sheet of asbestos siding at a time, and was, therefore, advised by his foreman to go home early. However, on the trial hereof, plaintiff testified that shortly before 4 p. m. he lifted a 6'8" door into his truck and unloaded it at the home of Willie Harrison, a felldw employee.
In his petition plaintiff asserted that on the night of the accidents, he visited Dr. Wilson Shipman; however, plaintiff’s wife testified that the physician’s name was Andrews. In any event, the physician was not summoned to appear as a witness on behalf of plaintiff, nor was any explanation therefor inscribed in the record.
Plaintiff also testified that on the day following the accident, he visited Charity Plospital in order to obtain treatment for these alleged injuries; however, no record of this treatment was offered in evidence by the plaintiff.
Plaintiff, in the last analysis, testified that as a result of these accidents, he is unable to perform the work of a carpenter, that the heaviest weight he can lift is ten pounds, and that at the present time he is engaged in collecting and selling junk in order to earn a livelihood.
Two private investigators, employed by the defendant, testified and their testimony is substantiated by motion pictures, exhibited during the course of the trial in the lower court. They said that plaintiff was able to load his truck with junk for a period of two hours, that he walked and loaded fast, that he had no limitation in his movements, and that he was able to handle springs and mattresses and to “jump up and down” on newspapers in order to pack them down in the truck. On another occasion he was observed loading and unloading mattresses and bedsprings from a high body truck.
Both plaintiff and defendant offered the expert testimony of Drs. Gernon Brown and Jack Wickstrom; however, we feel it is unnecessary to reiterate their testimony in view of the result we have agreed should be reached herein. Suffice it to say that both agreed that the plaintiff was suffering from spondylolisthesis.
Plaintiff contends that these accidents either caused or aggravated the previously existing condition of plaintiff’s back and thus rendered him totally and permanently disablfed from performing the laborious trade of carpentry.
Defendant, on the other hand, simply maintains that plaintiff failed to prove the actual occurrence of these accidents.
*522 The foregoing résumé of the testimony reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof expressed the opinion that “ * * * plaintiff has failed to sustain the burden of proving that (he) suffered an accident on the job * * and therefore, dismissed his suit.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony in order to point out in detail wherein plaintiff failed to prove his case with that certainty required by law.
Suffice it to say that the trial judge was of the opinion that the plaintiff had failed to successfully carry the burden of proving the occurrence of an accident in the scope of his employment with defendant, and our examination of the record fails to disclose any error in this conclusion.
It is conceded that a civil case need not be proven beyond a reasonable doubt. Therefore, the civil law concerns itself with reasonable possibilities rather than absolute certainties. However, the philosophy which has permeated our jurisprudence with liberal rules of evidence and procedure applicable to compensation cases does not apply to proving that the accident caused the disability. Plaintiff must, therefore, establish his case by a preponderance of competent evidence as in any other civil ease. This he has failed to do as the foregoing résumé of the record obviously reveals.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Subject to a credit of $52.

. The plaintiff was suffering from a malformation of the spinal column. This malformation is called spondylolisis. When a vertebra slips as a result of this defect, the resulting condition is called spondylolisthesis.

. The accident occurred on Friday, November 8th, and the wages of defendant’s employees were paid Friday afternoon for that week.