MILLER, Judge ad hoc.
William E. Houston instituted this suit for workmen’s compensation benefits as a result of certain alleged back injuries resulting from an automobile accident which occurred April 5, 1957 while he was employed by the defendant, Atlas Sewing Centers, Inc. The occurrence of the accident, the employment by the defendant, the hazardous nature thereof, plaintiff’s present disability, and the compensation rate of $35 per week, if any, have been admitted by the defendant. The sole question is: did the plaintiff receive any back injuries in the accident of April 5, 1957, it being defendant’s contention that there is no relation between the accident and plaintiff’s present back complaints? The trial court for oral reasons assigned resolved this issue in favor of the defendant and dismissed plaintiff’s suit.
The plaintiff was employed by the defendant in December of 1956 and remained in the defendant’s employ through September 1957. The plaintiff had been employed and was engaged in the activities of a salesman which required substantial travel by automobile up until the time he was involved in the automobile accident of April 5, 1957. In the accident plaintiff’s automobile was severely damaged. Plaintiff sustained a cut over his eye and substantial injuries to his right ear and some injury to his chest. He received first aid for the cut and returned from Natches, Mississippi to his home in Baton Rouge the next morning *302 which was a Saturday. On that Saturday and Sunday plaintiff took a drive with friends to Alexandria. On Monday he returned to work for the defendant. Since he did not have a car he could not return to his duties as a salesman and therefore worked in the shop. About the end of May, 1957, plaintiff purchased another car and then traveled for the defendant as a collection agent rather than as a salesman. Although there is some evidence in the record that plaintiff required the services of a driver during part of May and all of June, July, August and a part of September, the preponderance of the evidence is that plaintiff had someone drive for him on only two or three occasions.
Plaintiff presented as his witness his immediate superior, Mr. Chapman, who was employed by the defendant at the time of the accident. Mr. Chapman testified that he quit the defendant’s employment prior to the plaintiff’s quitting and since that date Mr. Chapman has been employed by the Esso Refining Company in Baton Rouge. Mr. Chapman verified that plaintiff complained of back pains during the time that plaintiff worked for the defendant and subsequent to the accident. However, it is made abundantly clear in the record that plaintiff was primarily concerned with the injury to his ear upon his return to Baton Rouge. It appears that plaintiff’s first complaints of back pain was at least four weeks after the accident. At no time did plaintiff seek medical attention for his back complaints prior to his employment of an attorney on November 30, 1957, some two months after he had quit working for the defendant. His attorney sent plaintiff to Dr. Ledbetter, an orthopedic surgeon of Monroe, Louisiana, who examined plaintiff solely for the purpose of making a report. Dr. Ledbetter did not prescribe any treatment for the plaintiff and did not testify in this case. Shortly after the accident plaintiff did see fit to consult a physician in Baton Rouge and receive treatment for his ear injury. He did not call this doctor to testify.
The only medical witness to testify in this case was Dr. F. C. McMains who examined the plaintiff eleven months after the injury and some two or three months prior to the trial. This examination was made at the request of the defendant. Dr. McMains’ testimony is that plaintiff is presently disabled but that he is absolutely certain in his medical opinion that the plaintiff’s complaints and disability are not related to the accident of April 5, 1957. Indeed, it seems to be the opinion of the plaintiff himself that he could not relate his back pain to the accident of April 5, 1957. He testified as follows:
“Q. When at any time did you first have anything that would manifest itself or give you any indication that you might have something wrong with your back? A. Well, before I quit Atlas the first time I well, I just figured you know that it was just long hours and rough roads and something or other like that that just caused me to give out. I was thinking maybe that’s it that caused it.”
“Q. When did you quit the Atlas people the first time, in September of 1957, is that right? A. It was in September just before school started.
“Q. So at that time you had no-reason whatsoever to associate any complaints you might have had with any automobile accident? A. I didn’t.
“Q. You didn’t? A. I didn’t.”
 Our law is clear that a prerequisite to recovery of workmen’s compensation is that an employee must prove an accident within the scope of and course of his employment and also show a causal connection between such accident and the alleged injury and disability. Sims v. Brown Paper Industries, La.App., 55 So.2d 311; Bahan v. Raziano, La.App., 58 So.2d 341; Braziel v. Pope, La.App., 86 So.2d 717. It *303 can not be held that the lower court committed manifest error in concluding that the plaintiff failed to prove his case.
For the foregoing reasons, the trial court’s judgment is
Affirmed.