134 So.2d 588 (1961)
Willie Rufus GRAY, Plaintiff-Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellee.
No. 9552.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1961.
Rehearing Denied November 22, 1961.
Gerard F. Thomas, Jr., Natchitoches, for appellant.
*589 Watson, Williams & Brittain, Natchitoches, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an action wherein plaintiff seeks to recover workmen's compensation at the maximum statutory rate as for total and permanent disability, because of accidental injuries allegedly sustained June 25, and 26, 1959, while performing duties incident to his employment as a truck driver.
Plaintiff's injuries were allegedly sustained while he was engaged in removing a railroad crosstie from underneath his truck, and while he was repairing a truck tire, when he momentarily experienced sharp, excruciating pains in his back.
The defense consists of a denial of the occurrence of an accident, or that plaintiff sustained accidental injuries, or that he is disabled from or because of any injuries received while in the employment of defendant's assured. These defenses were sustained by the trial court and, from a judgment rejecting his demands, plaintiff appealed.
The issues, factual in nature, must be resolved on a basis of the proof contained in the record.
Initially for consideration is the question of the occurrence of an accident. On this issue, the record establishes these facts:
The vehicle driven by plaintiff, consisting of a truck and trailer combination loaded with ten tons of gravel, sustained damages to its differential, requiring replacement. This occurred Wednesday, June 24, 1959. In order that repairs might be made, it was necessary that the truck be jacked up and the weight of the truck and load removed from the rear wheels and rear-end assembly. For this purpose, heavy jacks and railroad crossties were used. Plaintiff, with other employees, began, but was unable, to complete the repairs on Wednesday, although they worked until midnight. Plaintiff and another employee returned the following day and completed the job, after which the jacks and crossties were removed from underneath the truck.
While on his knees under the truck, lifting and pulling on one of the ties, estimated to weigh from 200 to 300 pounds, plaintiff claims he experienced sharp pains in his back. After only a moment or two, the pains were said to have subsided. Explaining that he did not give serious consideration to the fact that he may have been injured, plaintiff made no complaint to his fellow employee, nor did he make a report to his employer, but continued with his work and completed the day by delivering the load of gravel. On reaching his home, however, plaintiff informed his wife and brother-in-law of his experience and complained to them of suffering some pain at the time.
Plaintiff, nevertheless, reported for work the following day, near the conclusion of which, in the late afternoon, he became engaged in changing a truck tire. This task involved, to a considerable extent, strenuous labor and exertion. While so engaged, plaintiff again experienced, momentarily, a severe, sharp pain in his back. The pain being only of a short duration, no complaint or report was made at the time. Nevertheless, on returning to his residence, he again related his experience to his wife and brother-in-law. That he so complained, plaintiff was corroborated in his testimony by that of his wife and brother-in-law. The wife insisted that plaintiff seek medical attention, but, attaching no importance to the occurrence, he refused to do so and continued in his employment on Friday. Again, after completing the day's work and returning home, his pain increased in intensity. Massages and hot packs were applied to the affected parts.
Medical aid, however, was sought the following morning, June 27, 1959, at the *590 clinic of Dr. L. E. L'Herisson in Coushatta. On reporting to the clinic, plaintiff gave Dr. L'Herisson a history of the alleged accidents and was examined. The examination disclosed muscle spasm, bilateral rectus spinae, some muscle spasm of the neck, accompanied by complaints of pain over the lower thoracic and upper lumbar areas of the back. Sedatives were prescribed and "shots" were given to relieve pain and relax the muscles.
On leaving the clinic, plaintiff reported to his employer. Notice of the purported accidents was given to the employer, as was information concerning the doctor's findings as to plaintiff's injuries.
Plaintiff was seen again by Dr. L'Herisson the following day. His condition at that time had not improved but probably had worsened. He was placed in bed under traction. This treatment continued until July 10, 1959, except for July 7th, when, for the purpose of consultation, he was referred to an orthopedist in Shreveport for examination. Plaintiff was also measured at the time for a back brace, with which he was fitted several days later by Dr. L'Herisson.
Under the aforesaid statement of facts, we are constrained to hold that plaintiff was involved in an accident, or accidents, while in the employ of the defendant's assured. The rule is well established that the testimony of a plaintiff alone, in a workmen's compensation case, is sufficient to establish the occurrence of an accident, if there is nothing to discredit his account thereof and where his statements are supported by the surrounding circumstances. Dolhonde v. Gullett Gin Co., La. App. 1st Cir., 1946, 25 So.2d 104; Roy v. Guillot, La.App. 2d Cir., 1956 (writs denied), 84 So.2d 469; Wyatt v. Consolidated Underwriters, La.App. 2d Cir., 1957, 98 So. 2d 537; France v. City of New Orleans, La.App. Orleans, 1957, 92 So.2d 473; Fouchea v. Maloney Trucking & Storage, La.App. Orleans, 1959, 108 So.2d 273.
Surrounding circumstances in the instant case substantiate plaintiff's claim as to the occurrence of an accident. The incidents were reported by plaintiff to the members of his family. To them, he also complained of suffering pain as a result of the injuries allegedly sustained. Moreover, Dr. L'Herisson, through an examination made within two or three days following the accident, or accidents, found that plaintiff had sustained accidental injuries and was suffering pain on that account. No contention is raised nor showing made that plaintiff sustained accidental injuries in some other manner than that claimed by him. Nor did plaintiff's failure to make an outcry, or to complain to his fellow worker, or to report the accident to his employer sooner than he did, or to sooner seek medical aid constitute matters of any importance or significance, when he made a report as soon as he realized his injuries were substantial.
The remaining question relates to whether plaintiff sustained disabling injuries as the result of the accidents and, if so, the nature and extent thereof. Plaintiff's claim as regards this issue is predicated upon the principal contention that he sustained a herniated disc.
In addition to Dr. L'Herisson, the treating physician, a general practitioner, plaintiff was examined on one or more occasions by Drs. Ford J. MacPherson, Edwin C. Simonton, Ray E. King, Harold R. Bicknell, orthopedists, and Heinz K. Faludi, a neurosurgeon.
A detailed review of the testimony of the aforesaid experts is not deemed necessary or essential for a determination of the question presented. As heretofore pointed out, Dr. L'Herisson, in his initial examination, found plaintiff with muscle spasm on both sides of his spinal column and in his neck. Not only during the 12 days in which plaintiff was hospitalized and in traction, but on at least 20 other occasions, plaintiff was under the direct observation of Dr. L'Herisson who testified that, on many of those occasions, muscle spasm was noted *591 in plaintiff's back. Others of the experts, notably Drs. MacPherson, Faludi, and King, testified to their finding of the same objective symptoms of injury.
There was, however, no positive, convincing evidence that plaintiff sustained a herniated disc. Considerable suspicion was directed to such a diagnosis, but the tests were generally negative, such as the myelogram made by Dr. King. Despite the many and diligent efforts made to determine this fact, the proof failed to establish that plaintiff sustained a ruptured disc.
Notwithstanding the testimony of one of the experts to the effect that plaintiff is a malingerer, the consensus of the medical testimony is that plaintiff sustained a strain or sprain of the muscles of his back, a condition which ordinarily does not persist for a prolonged period of time. During the continuation of this condition, the evidence is convincing of its disabling characteristics.
The next question logically for consideration concerns the extent and duration of plaintiff's disability. Again, the evidence is not wholly in accord. Those of the experts in agreement that plaintiff did sustain accidental injuries were also in agreement that, as of the time of their last examinations, plaintiff was not able to perform hard manual labor, such as operating a truck where loading or unloading of heavy objects is required. In most instances, these examinations were conducted weeks, or even months, before the trial. Dr. L'Herisson noted, however, on the occasion of his last examination, two days before trial, the absence of muscle spasm in plaintiff's back. Moreover, during the trial, plaintiff testified, in response to a question relative to his ability to resume the duties of his former employment, that he felt all right, and, as of that time, he was able to do the same work.
From a consensus of the testimony, we conclude that plaintiff did, in fact, sustain a disabling back strain or sprain and that he was unable to discharge the duties of his employment for a period of time from the date of the first accident to the date of trial. We find he is, therefore, entitled to compensation covering this period.
The record further establishes hospital and medical bills incurred for plaintiff's treatment and which are unpaid as follows:

The Orthopedic Clinic $135.00
Physicians & Surgeons
 Hospital, Inc. 117.04
L'Herisson Clinic & Hospital 35.50
L'Herisson Clinic & Hospital 33.50
 _______
 $321.04
 =======

Plaintiff is entitled to a recovery of these items.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside; and
It is now ordered, adjudged and decreed there be judgment herein in favor of the plaintiff, Willie Rufus Gray, against the defendant, Southern Farm Bureau Casualty Insurance Company, for the full sum of $35 per week from June 25, 1959, until October 7, 1960, inclusive, with 5% per annum interest on each of said installments from its maturity until paid, less compensation in the sum of $97.50 previously paid; and further judgment for the full sum of $321.04, as medical expenses, with 5% per annum interest thereon from judicial demand until paid, and for all costs.
It is further ordered, adjudged and decreed that the expert witness fees of Drs. L. E. L'Herisson, Ford J. MacPherson, Edwin C. Simonton, Ray E. King, Harold R. Bicknell, and Heinz K. Faludi be, and they are hereby, fixed in the sum of $50 each and, as such, taxed as cost.
Reversed and rendered.