HARDY, Judge.
This action for compensation was instituted by the plaintiff, Donald Castle, against his employer, J. M. Graves, and he appealed from judgment rejecting his demands. Subsequent to filing of the appeal in this court plaintiff died, and, on proper motion, his mother, as provisional ad-ministratrix, was substituted as party plaintiff-appellant.
*880 The basis of plaintiff’s claim was that he sustained an accident on September 19, 1960, while employed as a truck driver by the defendant. On the date specified plaintiff had transported a load of corn to Canton, Mississippi, and, after the truck was unloaded at the grainery, while attempting to replace the tail gates on the rear of the trailer, plaintiff fell backwards to the ground, allegedly sustaining a ruptured intervertebral disc, which later required correction by an operation.
The sole question tendered by this appeal is purely factual and requires a determination as to whether plaintiff has established the occurrence of the accident, which is the basis of his claim, by the requisite preponderance of the evidence.
The facts alleged by plaintiff, and to the verity of which he testified on trial, were substantially as follows: That the only probable witness to the actual occurrence was a colored employee of the grain storage warehouse and plant in Canton, Mississippi, who had been operating the suction hose used in unloading the grain from the truck driven by plaintiff; that after the accident plaintiff drove the truck on the return trip to Delhi, Louisiana, where he immediately reported his accident and injury to his employer in the presence of a number of fellow employees; that he continued to work, although suffering from and complaining of pain to his back, until September 24, 1960, on which date he reported to the Delhi Clinic. Plaintiff was examined and treated by Dr. McElwee, but, failing relief of his pain, was referred to Dr. Altenberg, an orthopedic specialist of Monroe, on September 26th. Dr. Altenberg, after examination, including X-rays and a myelogram, diagnosed plaintiff’s condition as attributable to an acute protruded lumbar disc. Conservative treatment by traction failed to give relief and a laminectomy was performed by Dr. Altenberg on October 25, 1960.
It is too well established to require citation of jurisprudence that satisfactory evidence of an accident and resulting injury sufficient to justify recovery may be established on the basis of a claimant’s testimony alone if the same is supported by corroborating circumstances and conditions.
Our examination of the record in the instant case fails to disclose any adequate corroboration of plaintiff’s story as to the occurrence of the accident which would serve as reasonable support for judgment in his favor.
Plaintiff’s testimony, as given in his pre-trial discovery deposition, and on direct and cross examination on trial of the case, is so uncertain, and, in many respects, contradictory, as to be extremely questionable, even if it was uncontroverted. In view of the fact that plaintiff’s account of the accident is not only uncorroborated but flatly contradicted by an impressive array of witnesses called on behalf of defendant, we are unable to find the slightest justification for a conclusion as to the occurrence of the accident.
Counsel for plaintiff-appellant strenuously argues that the testimony of the numerous witnesses tendered by defendant, including officials and employees of the Canton, Mississippi, plant, plaintiff’s employer and a large number of his fellow employees, including all of those whom he named as being present at the time of his return to Delhi, Louisiana, and his alleged report of the accident and injury, is negative in nature and should not be accepted as overcoming the positive testimony of plaintiff. Without necessity for a detailed discussion of the distinction between positive and negative testimony, we refer to the case of Franks v. Department of Highways (La.App. 2d Cir., 1949), 43 So.2d 491, in which we made some reference to this distinction.
Almost innumerable pronouncements by all appellate courts of our State require the plaintiff in a compensation case to bear and discharge the burden of proof in establishing his claims to a legal certainty by a reasonable preponderance of the evi *881 dence. By way of example we cite the following authorities and the large number of cases mentioned in the respective opinions: Higgs v. Monroe, La.App., 77 So.2d 555; Driggers v. Coal Operators Casualty Company, La.App., 73 So.2d 602; Roberts v. M. S. Carroll Company, Inc., La.App., 68 So.2d 689; Franks v. Department of Highways, supra. In the instant case we find that plaintiff woefully failed in this respect, and, on the contrary, the preponderance of the opposed testimony is overwhelmingly conclusive.
Failing to find any error, manifest or otherwise, in the judgment appealed from, it follows that the same should be, and, accordingly, it is affirmed at appellant’s cost.