LANDRY, Judge.
Plaintiff herein, Melvin Porche, instituted this action against his employer, Reliable Battery Company, claiming benefits under the workmen’s compensation law of this state for an alleged disabling back injury assertedly incurred within the scope and during the course of plaintiff’s employment by defendant. From the judgment of the trial court rejecting and dismissing his said demand, plaintiff has appealed.
The evidence adduced by plaintiff in support of his claim consists principally and primarily of his own testimony corroborated in some respects by that of his common-law wife. The record reveals that plaintiff’s testimony was refuted and disproved in several important instances as a consequence of which our learned brother below concluded that little credence could be placed in plaintiff’s asseverations. As properly held by our esteemed brother below, for all practical purposes, this case turns upon a purely factual matter, namely, plaintiff’s credibility. Because of the inconsistencies in plaintiff’s testimony the learned trial court in essence held that plaintiff had failed to prove his case by a preponderance of credible evidence as required by law.
Plaintiff was employed by defendant as a truck driver for some months prior to the *656 alleged accident. Plaintiff’s duties were such that at times he was required to work in defendant’s warehouse, stacking, unstacking and moving electric batteries which ranged in weight from as little as five pounds to as much as 160 pounds. The gravamen of plaintiff’s complaint is that while so engaged on April 14, 1960, he was injured while attempting to unstack a large, heavy battery (reputedly one weighing over 100 pounds) with the aid and assistance of a fellow employee, Roosevelt Harold. Plaintiff maintains that while attempting to unstack the battery from a position over plaintiff’s head, plaintiff received the weight of the battery entirely upon himself as a consequence of which he assertedly sustained injury from which he has never fully recovered. According to the testimony of plaintiff the accident occurred at approximately 4:00 P.M. Plaintiff immediately mentioned his injury to his fellow employee, Harold, who merely laughed.
Plaintiff testified that at the time of the accident he suffered intense pain which lasted only a few minutes. He experienced some difficulty in straightening up but when the pain subsided he continued to work until quitting time (approximately 5 :30 P. M.) without making further mention of or complaint about his injury. Upon leaving work plaintiff went home, bathed, ate dinner and retired for the night. Plaintiff informed his wife of the accident and the following morning his pain was so intense he called defendant’s place of business and informed the person who answered the telephone that he would not report for work that day as he was ill. After thus notifying his employer, plaintiff reported to the emergency room of the Charity Hospital, New Orleans, Louisiana, where, upon examination, he was prescribed a certain drug and in addition advised to apply heat to his back and sleep with a board under his mattress to keep his back rigid. Plaintiff received out-patient treatment for a period of approximately two or three weeks following which he was hospitalized and placed in traction for a time when his complaints of pain persisted. It is contended by defendant that it had no notice of plaintiff’s reputed injury until approximately nine months following the alleged accident at which time defendant’s manager was contacted by plaintiff’s counsel shortly before institution of this suit. Plaintiff, however, maintains that defendant was notified of the accident the day following its occurrence.
The only alleged witness to the purported accident was plaintiff’s co-worker, Roosevelt Harold, who denied any knowledge thereof and who further denied that plaintiff mentioned the occurrence of an accident or injury.
Plaintiff testified that the morning following the accident upon leaving the hospital (after first having called defendant’s place of business and reporting his inability to report for work) he, plaintiff, went in person to defendant’s establishment and there displayed to his follow workers, Roosevelt Harold and Virgil Segue, his foreman Eddie Charles, and the Manager, Joseph Bonamo, a “paper” which had been given him at the hospital. Plaintiff further stated that at this time he reported his accident to the aforesaid individuals and requested to be furnished with a plywood board to put under his mattress. The board, according to plaintiff, was obtained by Eddie Charles from among those used in the stacking of batteries in defendant’s warehouse and placed by Charles in plaintiff’s automobile.
Plaintiff’s version of the circumstances and events attending and following his alleged accident and injury are categorically denied by defendant’s employees in virtually each and every respect. In substance the learned trial court concluded (1) that defendant had no notice of the alleged accident until defendant’s manager, Bonamo, was contacted by plaintiff’s counsel some nine months subsequent to its alleged occurrence; (2) that because of certain inconsistencies in plaintiff’s testimony, plaintiff’s credibility was seriously questionable and *657 little credence could be placed therein and (3) plaintiff’s veracity being extremely doubtful his testimony was insufficient basis upon which to found a judgment in his favor.
Learned counsel for appellant contends that the trial court erred in deciding this cause adversely to appellant solely on the ground that the court found and held there was a lack of notice whereas the jurisprudence of this state was established in Cutno v. Neeb Kearney & Company, Inc., 237 La. 828, 112 So.2d 628, to the effect that lack of notice is not fatal to a claim for compensation unless the employer can establish that his rights were prejudiced by the undue delay in giving notice of the accident and resulting injury. While we concede the law to be as expounded by esteemed counsel for appellant, the principle stated is not decisive of the case at bar for the reason that whereas the learned trial court did in fact find and hold that there was improper notice, he did not bar plaintiff’s recovery on this premise but rather on the ground that he could attach little truthfulness to plaintiff’s statements, and therefore, concluded plaintiff had not established his claim by a fair preponderance of evidence as required by law. Consequently, the finding by the district court that notice was not timely given, has little significance in the case at bar excepting its relation to the credibility of plaintiff who testified that notice was given.
With respect to the issue of timeliness of notice, plaintiff (an allegedly ignorant Negro) displayed some knowledge of the provisions of LSA-R.S. 23:1291 which requires that an employer shall post printed notice in a conspicuous place upon his premises warning employees of the obligation to give notice to the employer within six months of an accidental injury. Although plaintiff testified positively that no such notice was displayed on defendant’s premises (in which respect his testimony was contradicted by that of' defendant’s employees), his testimony also shows that he was familiar with such notices in that he had previously worked in establishments wherein such notices were posted. The trial court concluded upon the testimony of defendant’s manager and foreman that the required notice was in fact posted upon defendant’s bulletin board and in this finding we concur.
It is undisputed that approximately one year previous to the alleged injury herein sued upon, plaintiff suffered a minor groin injury while engaged in defendant’s employ. At this time plaintiff was sent by defendant’s manager, Bonamo, to Dr. John D. Andrews. This slight injury caused plaintiff to lose four days work for which compensation was due and was in fact paid. Subsequently plaintiff became afflicted with a disease known as Bell’s Palsy which produced facial and other paralysis for which disability plaintiff, on his own initiative, again consulted Dr. Andrews upon being advised by Bonamo that plaintiff’s disability resulting therefrom was noncompensable and that plaintiff would have to bear the expense of any medical treatment necessitated thereby. In this regard plaintiff testified that on both occasions on which he was treated by Dr. Andrews, he personally paid the bills incurred through an arrangement with defendant’s manager, Bonamo, whereunder Bonamo withheld $2.25 weekly from plaintiff’s wages until the fees of Dr. Andrews were liquidated. Plaintiff’s testimony in this respect was refuted not only by the testimony of Bonamo but also by introduction of the check whereby defendant’s insurer paid Dr. Andrews the sum of $13.00 for professional services rendered plaintiff at the time of plaintiff’s treatment for the groin injury previously sustained. In addition, plaintiff denied having received payment for the compensation due upon the occasion of his groin injury and again his testimony was disproved by that of Bonamo and the introduction of the check in the sum of $14.48'representing four days compensation paid plaintiff as being due from June 11, 1959, to June 14, 1959, inclusive. Plaintiff attempted to explain this apparent *658 inconsistency by relating that he did not know what the check was for and that he merely endorsed the check and was given the amount thereof in cash by Bonamo. On the other hand Bonamo denied having cashed plaintiff’s said compensation check and stated that were it so cashed it would bear the company’s endorsement as it would have then been deposited to the company’s account. The check, introduced in evidence, bears the endorsement of plaintiff only.
When asked why he had reported to Charity Hospital for treatment after his alleged injury within the course of his employment rather than to Dr. Andrews to whom he had been sent for treatment of his prior compensable groin injury, plaintiff’s reply was that he was unaware Dr. Andrews was the defendant’s company doctor. At still another point in his testimony, when the question was repeated, plaintiff responded that he did not go to Dr. Andrews because on former occasions he had been required to pay Dr. Andrews. It suffices to say the record establishes that neither of plaintiff’s explanations were true.
In an effort to establish that plaintiff’s alleged back injury was not as serious as contended by plaintiff, defendant elicited from plaintiff testimony regarding a fistic encounter in which plaintiff was involved in August, 1960, approximately four months following the date of the alleged accident. During the altercation plaintiff received a stab wound in the arm, severing the radial nerve of his left hand and another in the chest resulting in a pneumothorax. The laceration of plaintiff’s arm resulted in paralysis thereof which condition, at the time of trial, was an independent cause of disability. During the course of the trial plaintiff in substance testified that the fracas was of brief duration, no fistic encounter took place and that he merely struck his assailant with an open hand. In impeachment of plaintiff on this score defendant introduced a prior deposition wherein plaintiff described the affray as a fist fight lasting approximately 10 minutes and further' related that when matters reached the point'that plaintiff was getting the better of his adversary it was then that plaintiff was stabbed.
It is the settled law of this state that to be entitled to workmen’s compensation benefits an employee must establish by a preponderance of evidence the occurrence of a disabling accident within the scope and during the course of his employment. Fortenberry v. Kingsville Timber Co., La.App., 136 So.2d 746; Houston v. Atlas Sewing Centers, Inc., La.App., 121 So.2d 301; McNeal v. Fuqua, La.App., 121 So.2d 24; Circello v. Haas & Haynie Corp., La.App., 116 So.2d 144.
In the case at bar proof that plaintiff’s alleged injuries (whatever their nature might be) resulted from an accident occurring within the scope and during the course of his employment consisted entirely of his own testimony which was contradicted by the only alleged witness to the reputed accident.
We are fully cognizant of that line of jurisprudence which recognizes that an accident. may be established by the uncorroborated testimony of the employee alone provided there is nothing to discredit or impeach his account thereof and his statements are supported by surrounding circumstances. Among the more recent decisions so holding are Gray v. Southern Farm Bureau Casualty Ins. Co., La.App., 134 So.2d 588 and Guilbeaux v. Trinity Universal Insurance Company, La.App., 134 So.2d 717. The rationale of this line of jurisprudence, however, is obviously without application to the case at bar.
In the case at bar not only is plaintiff’s version of the alleged accident contradicted by a witness whom plaintiff asserts was present at the time thereof, but also the record contains ample evidence to justify the trial court’s refusal to lend credence to plaintiff’s testimony.
It is well settled in our jurisprudence that the findings of fact reached by *659 a trial court will not be disturbed in the absence of manifest error, particularly so when the evidence is conflicting and the credibility of witnesses is involved. Daniel v. New Orleans Public Service, La.App., 61 So.2d 223; Webre v. Jones, La.App., 92 So.2d 110; Mouton v. Pacific Indemnity Co., La.App., 102 So.2d 563.
We believe the case at bar to be a classic example of an instance in which the manifest error rule should be applied.
For the reasons hereinabove set forth the judgment of the trial court is affirmed; costs of this appeal to be paid by appellant, Melvin Porche.
Affirmed.