FRUGÉ, Judge.
Plaintiff instituted this suit for workmen’s compensation benefits for total and permanent disability against his employer and his employer’s insurer. Defendants deny liability, contending that there is not sufficient proof that plaintiff’s injuries, if any, were sustained while he was on the job. From a judgment in the lower court dis *124 missing plaintiff’s suit he has appealed to this court.
The sole question tendered by this appeal is whether plaintiff has established by a preponderance of the evidence that he sustained an accident during the course and scope of his employment.
On the day of the alleged accident, April 19, 1961, plaintiff was working in the English Bayou Oil Field near Lake Charles, Louisiana. He was working the shift from 4:00 p. m. until midnight and was alone out on the lease as was customary in connection with his duties as a pumper.
Since plaintiff was alone at the time of the alleged injury, his version of the circumstances surrounding the alleged accident is most pertinent. He testified as follows:
“Well, about nine o’clock on that particular shift, I had a call from the Conoco plant, and I was over by the unit when the phone range. And I started running to answer the phone. And we have a small ditch between the unit and eager shack, or dog house. And while running, I made some kind of a — it’s not split, actually, it’s just a fumble, when I jumped that ditch. I just kept on running. I just stood up again and kept on running, answered the phone. And they had told me to go ahead and open a well we had closed. It had been closed, I’d say, for about twenty-four hours. We had been closing those wells back and forth lately because the plant had enlarged, and they were having some difficulty with it, to get it going. * * * When I opened the valve, I had to jerk it open at first. Then, after I had it opened, cracked, that is, well, it would freeze up. I’d have to jerk it back and forth until the pressure would equalize on the high pressure knock-our and the flow line to where there would be no freeze up; and then you can spin your valve open free, you can spin with just a hand. Well, during that time, I felt like a burning sensation in my back. You see, all that time I had opened that valve, I had to keep a watch on the pressure too, and on the gas chart, so I wouldn’t put too much pressure on the-line and make sure it was right. Well,. I stayed around the unit for about a half an hour, checking everything. Then, I went back to the eager shack to prepare the gas charts to put on the meters. And when I started to get up, I could hardly move. I had to pull on the desk to straighten up.” (Tr. 115— 116.)
Although plaintiff’s testimony concerning the cause of his back injury is consistent throughout the record, it appears that he could not ascertain whether he injured his back when he jumped the ditch or opened the valve. This in itself is not sufficient to discredit his testimony since an injury of this nature does not necessarily manifest itself immediately. However, other events and occurrences around the time of the alleged accident raise serious doubt as to whether plaintiff suffered a disabling injury in the scope of his employment.
The record discloses that plaintiff was involved in an automobile accident on April 18, 1961. Although the testimony of those who witnessed the accident, and the State Policeman who investigated it is to the effect that the accident was minor and that no one was injured, subsequent statements by the plaintiff indicate that he was not absolutely sure that the back injury which he suffered was not caused thereby. Thus Lloyd E. Youngblood, a fellow employee of plaintiff, when questioned about plaintiff’s injury testified as follows:
“Q. Did Mr. Robin ever tell you anything about having back trouble?'
“A. Not until after he had a wreck,, a car wreck. I believe it’s in Breaux Bridge.
“Q. What did he tell you?
“A. Well, he told me about his accident. And then, it was a day or so *125 after that he told me that his back was bothering him, that he thought he might have pulled a muscle, and — in the accident. And then a few days later, he said he didn’t know if he had hurt his back in the wreck, or running to answer the telephone, or opening the orbit valve. Then, a few days later he told me that he had talked to Andy Trahan, our field foreman, about the insurance, could he make a claim to collect the hospital insurance for his back injury, or should he claim that he hurt his back on the job to collect the hospital insurance. And then, a few days later, he said he didn’t know whether he had hurt his back running to answer the telephone, or opening the valve. And then, he finally said, that he had hurt his vack opening the valve.” (Tr. 178-179.)
Additionally, the record establishes that Lessley Malcolm Savoy, another fellow employee of plaintiff, testified that plaintiff told him that he thought he hurt his back in the automobile accident of April 18, 1961. (Tr. 184-185.)
Furthermore, plaintiff failed to make a report of the alleged accident, as required by his employer. Indeed the evidence clearly establishes that plaintiff made no effort to report the occurrence of an accident on the job until he had been advised that he was being terminated from his job.
Under the provisions of LSA-R.S. 23:1031, an employee is entitled to recover compensation benefits only when he can prove “personal injury by accident arising out of and in the course of his employment.” Moreover, the jurisprudence of this state is well settled to the effect that a claimant must establish the occurrence of a disabling accident arising out of and in the course of his employment by a preponderance of the evidence. Camp v. Hardware Mutual Casualty Company, La.App. 4 Cir., 146 So.2d 201; Porche v. Reliable Battery Company, La.App. 4 Cir., 145 So.2d 655 (Certiorari denied); Jenkinson v. Clemons, La.App. 1 Cir., 144 So.2d 181; Castle v. Graves, La.App. 2 Cir., 138 So.2d 879.
Thus in Houston v. Atlas Sewing Centers, Inc., La.App. 1 Cir., 121 So.2d 301, 302, the court stated:
“Our law is clear that a prerequisite to recovery of workmen’s compensation is that an employee must prove an accident within the scope of and course of his employment and also show a causal connection between such accident and the alleged injury and disability.” (Citations omitted.)
It is true that in many cases, as in the instant case, proof of an accident by eyewitnesses other than the claimant is not always possible. Furthermore, in such cases “the courts have been willing to rely upon the testimony of the plaintiff alone to establish the occasion on which he was injured if his story is plausible and consistent, and is supported by surrounding circumstances.” Malone, Louisiana Workmen’s Compensation Law and Practice, pages 294-295, Section 252.
In the instant case, the question of whether plaintiff suffered an injury arising out of and in the course of his employment depends upon the weight which is to be attached to his testimony and the testimony of the other witnesses heretofore discussed in this opinion. The trial judge, who is in a better position to judge the credibility of witnesses, found that plaintiff had failed to prove his case with the legal certainty required by law. Considering the evidence as a whole, we cannot say that he committed manifest error in his findings. See Peart v. Slocum, La.App. 3 Cir., 142 So.2d 421 and cases cited therein.
For the reasons herein assigned, the judgment of the lower court is affirmed; plaintiff to pay all costs of this appeal.
Affirmed.