FRUGÉ, Judge.
This is a suit for workmen’s compensation benefits brought by Offord Hayes against his former employer, Louisiana Irrigation & Mill Company, and its insurer, The Travelers Insurance Company. The trial judge awarded plaintiff compensation for total permanent disability at the rate of $25.74 per week for 400 weeks, together with all medical expenses. Defendants have taken this appeal.
The substantial issues in this case are whether or not plaintiff incurred an accidental industrial injury and whether there is a causal relationship between the alleged accident and his disability if such a disability exists. The extent of plaintiff’s disability is also at issue.
Plaintiff, Hayes, was employed as a “levee man” by defendant Louisiana Irrigation & Mill Company at the time the alleged accident occurred. His principal duties as a levee man were to walk the levees of the defendant’s canals checking for breaks and repairing the breaks when they were found. Plaintiff testified that on April 11, 1962, while working with a fellow employee, Phillip Lejeune, repairing a large break in a levee, he suffered sharp pains in his lower back and abdomen. At that time he was standing in mud and water handling heavy clods of dirt. Hayes claims that he told Lejeune of his pain and then laid down on the levee being unable to do further work.
On returning home he told his wife and son of his injury. The next morning he was unable to get out of bed because of severe pain in his back and abdomen. Unable to go to work, he requested his son to call Mr. Earl Tatum, Hayes’ immediate superior, and inform him of the injury. Plaintiff’s wife and son corroborate his testimony as to all of this.
On April 13th he attempted to return to work but because of the pain was unable to do more than walk the levees. While walking the levees he saw Mr. Tatum and told him of the injury. Tatum denies that any mention was made of an accident or of back pain, Hayes’ only complaint being of pain in his abdomen.
On April 15th plaintiff entered a hospital for treatment and remained there for ten days. He has continued visiting physicians and receiving treatment for the pain in his back. Plaintiff testified that since the alleged accident he has not been able to do *398 manual work of any kind, not even to the extent of doing his own yard work.
Plaintiff has received no workmen’s compensation benefits. At the trial of this case it was stipulated that Hayes did receive benefits under a company hospitalization plan to which Hayes made contributions. Benefits under this policy amounted to payments of $30.00 per week for thirteen weeks and payment of $129.39 medical expenses.
Defendants strongly contend that no accident occurred. Phillip Lejeune, the employee of Louisiana Irrigation & Mill Company who was working with Hayes when tlie accident allegedly occurred, testified that Hayes made no complaint to him of any pain. He also denied that plaintiff laid down or leaned back on the levee while they were together. On cross examination Lejeune stated that he and three of his close relatives were all employed by defendant, Louisiana Irrigation & Mill Company. The trial judge, in his written reasons for judgment, indicated that Lejeune seemed uncertain as to the time of the alleged accident and as to whether any complaint had been made by Hayes. There was some testimony that Lejeune and plaintiff worked together on April 4th rather than April 11th, but the trial judge concluded that the 11th was the correct date. We accept this finding of fact of the lower court.
Defendants’ other witnesses, all being officers and employees of Louisiana Irrigation & Mill Company, testified that no report of an accident was given them by Hayes, his only complaint being of abdominal pain. Mr. Tatum stated that while visiting Hayes in the hospital Hayes told him he thought he had intestinal flu.
Defendants argue that the fact that plaintiff claimed benefits under the hospitalization policy which provided benefits only for illness or injuries not associated with employment indicates that plaintiff did not himself believe that he was injured on the job. Plaintiff states that his reason for using the hospitalization policy was because he had no other way of paying his hospital bills and because Louisiana Irrigation & Mill Company encourages its employees to make claims under the hospitalization plan rather than claim workmen’s compensation benefits. Company officials denied that it did so encourage its employees.
The court record contains the depositions of three physicians, Drs. Gardiner, Shafer and Faulk. The written reports of two other physicians, Drs. Briel and Gilly, were also stipulated into the record.
Dr. Gardiner attended Hayes on April 16, 1962, the day after he entered the hospital. On that day he elicited no history of industrial accident from Hayes but stated that Hayes was at that time complaining of pain in the abdomen, neck, left arm and leg, and in the lower back. On May 4, 1962, during an office visit while Hayes was an out-patient, he told Dr. Gardiner he had hurt himself while repairing a levee. In his deposition, Dr. Gardiner was unable to say whether plaintiff’s disability resulted from natural progression of an arthritic condition in his back or from an aggravation of that previously existing condition caused by industrial trauma.
Dr. Shafer, a specialist of internal medicine, examined Hayes but once, and then on July 27, 1962. Hayes told him nothing of the occurrence of an accident on or about April 11, 1962, but only of a back injury that was sustained several years previously. Dr. Shafer stated that he thought plaintiff’s disability was due to “degenerative disc disease of the lumbosacral spine or prostatism, or peripheral vascular disease.”
Dr. Faulk first examined Hayes on August 8, 1962, at which time he elicited a history of accidental back injury while plaintiff was doing work on a levee. Dr. Faulk examined and treated Hayes several times in connection with the alleged back injury, his last examination being on January 16, 1963. Dr. Faulk was of the opin *399 ion that Hayes had a preexisting- arthritic condition in his back which was aggravated by the straining plaintiff allegedly did on April 11th. In his deposition Dr. Faulk further states that it is impossible to determine the duration of plaintiffs disability.
Dr. Briel’s written reports show that he examined Hayes on August 9, 1962 and again on January 18, 1963. Dr. Briel’s report of the August 9th examination states, “this man has at the present time some definite evidence of disability referable to his lower back * * *” In his report of January 18th he suggests that some exercise by Hayes may hasten his recovery.
Dr. Gilly examined Hayes on October 29, 1962. His report of that examination states, “This patient shows signs of a chronic disability to the low back in that muscle contraction is present, which is genuine and is associated with limitation of motion on the order of about 30% and I feel that the patient shows definite evidence of disability at this time * * * ”
The law is clear. An employee claiming compensation benefits has the burden of proving by a preponderance of the evidence that he has suffered a disabling accidental injury arising out of and in the scope of his employment. Robin v. California Oil Company, La.App. 3 Cir., 152 So.2d 123; Porche v. Reliable Battery Company, La.App. 4 Cir., 145 So.2d 655; Jenkinson v. Clemons, La.App. 1 Cir., 144 So.2d 181; Castle v. Graves, La.App. 2 Cir., 138 So.2d 879. The fact that an accidental injury was incurred may be established by the testimony of the plaintiff alone when there are corroborating circumstances. Meshell v. Sabine Lumber Company, La.App. 3 Cir., 137 So.2d 70; Gray v. Southern Farm Bureau Casualty Insurance Company, La.App. 2 Cir., 134 So.2d 588; Roy v. Guillot, La.App. 2 Cir., 84 So.2d 469. Thus this court is faced only with questions of fact.
The trial judge in his written reasons for judgment states, “The Court was impressed with the straight-forward manner in which plaintiff, a fifty-five (55) year old laborer with a sixth grade education, testified as to the circumstances surrounding his injury. Additionally, evidence was presented to corroborate his testimony, that of his wife, his son, attending physicians, neighbors, and others. The fact that plaintiff complained of his injury on April 12th, 13th and 14th, and entered the hospital on the 15th for treatment sufficiently corroborates the occurrence of the accident. Furthermore, it was shown that Plaintiff had been continuously employed by Defendant for sixteen (16) years prior to the injury, during which period he had a good work record, and had received an injury five (5) years previously but returned to work as soon as possible thereafter. The fact that plaintiff attempted to work on April 13th leads the Court to believe that this man is not the type of individual who would feign an injury in order to claim compensation benefits.”
It is well settled that since the trial judge is in the better position to determine credibility of witnesses, his findings of fact will not be reversed on appeal unless manifestly erroneous. The trial judge was not manifestly erroneous in finding that plaintiff sustained a compen-sable accidental injury which totally disabled him for an indeterminable period of time.
The medical testimony is conflicting as to the cause and probable duration of plaintiff’s disability. That a disability existed seems beyond doubt. It is proper to consider lay testimony where medical testimony is conflicting. Ware v. Industrial Timber Products, Inc., La.App. 3 Cir., 147 So.2d 672. The lay testimony as weighed by the trial judge leads to the conclusion that plaintiff’s disability resulted from an industrial accident and that the duration of the disability was at the time of the trial indeterminable. Thus the trial court properly awarded plaintiff the statutory maximum allowable compensation for permanent total disability.
*400 This court finds that the judgment of the District Court was not manifestly erroneous. Accordingly, that judgment is affirmed. Defendant shall pay the costs of this appeal.
Affirmed.