BARNETTE, Judge pro tern.
Plaintiff-appellant Tommy Allen sued his employer, George W. McCoy & Company, Inc., alleging that he had been injured in an accident while performing his duties in the course and scope of his hazardous employment and claimed, for total and permanent disability, “$35.00 per week for 400 weeks with legal interest, medical expenses and hospital expenses, together with interest thereon until paid, plus 12% penalties for damages on the total amount of the loss, together with reasonable Attorney’s Fees for the prosecution and collection of same”.
The defense asserted by defendant is that plaintiff has failed to prove that an accident actually occurred.
From a judgment of the district court in favor of defendant George W. McCoy & Company, Inc., dismissing plaintiff’s suit at his cost, plaintiff has appealed.
Plaintiff testified that on September 13, 1963, he was employed by George W. McCoy & Company, Inc., and that as part of his job he was lifting a broken piece of concrete with a co-worker; that the coworker dropped one end of the stone causing plaintiff to jump or fall back and strike his back on a parked truck. Under oath at the trial, Alice Yarls, allegedly the coworker who was helping plaintiff lift the stone, supported plaintiff’s claim by offering" testimony similar to that of plaintiff. No-one else appeared as a witness to the alleged accident.
We quote the reasons for judgment given, by the trial court:
“The Court was not impressed with the testimony of the plaintiff and his fellow employee ‘Uncle Dick’.
“The Court is of the opinion that the claimant was not injured on the job.
“There will be judgment accordingly.”
It is said in Malone, Louisiana Workmen’s Compensation Law and Practice § 252 at p. 301:
“Especially on the issue of whether there was an accident event are appellate courts slow to reverse the decision of the trial court. The occurrence of an accident is proved by oral testimony, and the credibility is often the all-important factor. The trial judge, who- *175 heard the witnesses, and has had an ■opportunity to observe them, is often in a better position to weigh credibility than an appellate court reading from the record.”
'See Robinson v. Dupuy Storage and Forwarding Corp., 137 So.2d 474 (La.App. 4th Cir. 1962).
This Court in Jackson v. Slatten, 118 So.2d 519, 522 (La.App. Orleans 1960), said:
“It is conceded that a civil case need not be proven beyond a reasonable doubt. Therefore, the civil law concerns itself with reasonable possibilities rather than absolute certainties. However, the philosophy which has permeated our jurisprudence with liberal rules of evidence and procedure applicable to compensation cases does not apply to proving that the accident •caused the disability. Plaintiff must, therefore, established his case by a preponderance of competent evidence as in any other civil case. * * * ”
See Porche v. Reliable Battery Company, 145 So.2d 655, 658 (La.App. 4th Cir. 1962), and cases cited therein.
After a careful reading and weighing of "the testimony we have reached the conclusion that the trial judge was not manifestly ■erroneous in his finding that “the claimant was not injured on the job”.
Plaintiff’s witness Yarls, on the trial of "the case, testified to substantially the same facts as those given by plaintiff, i. e., that lie and Allen were picking up a large piece ■of stone; that his end slipped and fell causing Allen to fall back against a parked "truck. The defense, on cross-examination •of Yarls, produced a written statement which he admitted he had signed. The ■statement was to the effect that Allen was ■picking up concrete by himself; that Yarls ■was not helping Allen in any way; that while Allen was lifting a stone on to a truck, ■a piece of rock rolled out from under his feet and tripped him, causing him to fall ¡back against the truck.
This Court in Robinson v. Dupuy Storage and Forwarding Corp., supra, said at p. 477, of 137 So.2d:
“Under established jurisprudence prevailing in this state, sworn declarations of witnesses upon the stand should prevail over unsworn statements which contradict their testimony. This is the general rule. * * * But there may be instances, such as prevail in the instant case, where the prior unsworn statements must be regarded as a conclusive impeachment of the testimony given in open court. * * * ”
We are aware of the jurisprudence which recognizes that the testimony of the employee alone, uncorroborated by other witnesses, may be enough to establish the occurrence of an accident; but this rule applies where there is nothing to discredit or impeach the account of the employee and the circumstances surrounding the accident support his statements. Porche v. Reliable Battery Company, supra; Guilbeaux v. Trinity Universal Insurance Company, 134 So.2d 717 (La.App. 3rd Cir. 1961) ; Gray v. Southern Farm Bureau Casualty Ins. Co., 134 So.2d 588 (La.App. 2d Cir. 1961).
In the present case there is conflict as to the correctness of plaintiff’s story of the alleged accident. Plaintiff asserts that immediately after the accident he reported it to the foreman. The foreman, Mr. Oliver Aucoin, denies having been notified of the accident. Plaintiff also claims that he immediately went to Charity Hospital where he was refused treatment and then to Veterans Administration Hospital where he was also refused treatment. Plaintiff was not able to prove either attempt although Mr. Joe T. Puckett, the chief registrar at Veterans Administration Hospital, testified that the names of all applicants for admission, even those who were refused treatment, were kept on a special form for a period of two years.
In light of the aforementioned conflicts we find that the trial court’s judgment was *176 not manifestly erroneous, and therefore affirm his judgment in favor of the defendant, George W. McCoy & Company, Inc., and against the plaintiff, Tommy Allen, dismissing plaintiff’s suit at his cost.
Affirmed.