PRICE, Judge.
The plaintiff in this action, Bruce A. Smith, seeks benefits under the Workmen’s Compensation Statute for a total and permanent disability resulting from an alleged accident suffered by him while employed by the Louisiana Army Ammunition Plant. Also made defendant is Travelers Insurance Company, the employer’s insurer.
After trial on the merits, the trial judge found that Smith had not established by a preponderance of the evidence that he was injured while working for the ammunition plant and rejected plaintiff’s demands.
On this appeal plaintiff contends the trial court committed manifest error in concluding that the evidence presented, when taken as a whole, did not sufficiently establish an accident occurred on the job. We affirm the judgment appealed from for the reasons hereinafter set forth.
Smith testified he was working on the "Y" line at the ammunition plant on January 13, 1971, on the 3:00 p. m. to 11:00 p. m. shift as the operator of a hydraulic press; that on this date, while helping a maintenance crew lift a 400 pound cover to change the draw rings on his machine, he sustained a wrenching type injury to his back. He further testified he reported to work the next day, January 14th, but only performed light cleanup work as the “Y” line was shut down. On the succeeding day, January 15th, Smith contends he reported to his regular job and while helping a co-worker move shells weighing approximately 135 pounds by use of tongs, his back suddenly gave way, causing him to drop his side of the tongs. After obtaining a pass from his foreman, he went to the first aid station and then was sent to the plant hospital. Preliminary examination and X-ray by plaintiff’s physicians resulted in a diagnosis of a lumbar strain. Further treatment and evaluation by orthopedic specialists resulted in a diagnosis of a herniated disc which was confirmed and removed by surgical procedure.
It is undisputed that the cause of the symptoms of back pain suffered by Smith at the time he visited the plant hospital resulted from a herniated disc which was subsequently corrected by surgery performed by Dr. Baer I. Rambach. The sole question is whether the plaintiff sustained an accident while in the course and scope of his employment which was the precipitating cause of this condition. The claimant bears the burden of proving his demands in a compensation case by a preponderance of the evidence just as in any ordinary civil action. Nor does the liberality of rules of evidence provided in the compensation statute lessen his burden of prov *129 ing the occurrence of an accident. Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App. 2d Cir. 1964).
The evidence offered by plaintiff to establish the first incident alleged to have occurred on January 13th, in which he contends he was injured while assisting in the lifting of the cover to change draw rings, consists solely of plaintiff’s testimony depicting its occurrence and the testimony of two co-workers who testified they were told of the incident later by plaintiff.
Plaintiff gave conflicting versions of what happened on this occasion. In his deposition taken in April, 1971, he stated he was assisting Frank Regan and Ernest Sistrunk, members of the maintenance crew, in lifting the heavy cover and that Regan dropped his part of the load, causing the weight to shift suddenly. Plaintiff contended at the time this caused him to feel a slip in his back. In his testimony during the trial of this matter, plaintiff made no mention of Regan dropping his part of the load as the precipitating cause of his injury. He attributed the catch in his back in this testimony to an imbalance in the load.
The evidence shows the draw rings were not changed on January 13th as contended by plaintiff but on the preceding day, January 12th. Regan and Sistrunk, whom plaintiff testified he assisted in this work, testified nothing unusual happened in the changing of the rings on this date. They were not certain plaintiff assisted in this work, but if he did there was no indication whatsoever to them that he had injured himself or felt any pain.
Although the admittance slip prepared at the plant hospital on the night of January 15th has an entry by the examining physician that Smith’s complaint of lumbar sprain was an occupational injury, there is testimony in the record showing Smith denied having received an on-the-job injury to plant personnel who authorized him to go to the hospital on a sick complaint on that date.
The first aid nurse, Caroline Ayers, testified when Smith requested permission to go to the hospital she asked him several times if he had injured himself on the job and he denied having done so. Her testimony, although denied by Smith, is corroborated by two other employees who were present at the first aid station.
As the resolution of the issue presented in this case depends primarily on the veracity of the witnesses who testified, the conclusion of the trial judge to limit the weight to be accorded the testimony of plaintiff, and his corroborating witnesses, should not be disturbed by us unless manifestly erroneous. Because of the apparent contradictions in plaintiff’s own testimony, as well as in the evidence offered in corroboration thereof, we find no error in the trial judge’s finding.
For the foregoing reasons the judgment appealed from is affirmed.