PRICE, Judge.
This is an appeal from a judgment of the trial court rejecting plaintiff’s claim for total and permanent disability benefits under the Workmen’s Compensation Statute. We are called upon to review the correctness of the trial judge’s finding that plaintiff has failed to prove by a preponderance of the evidence that his disability resulted from an accident suffered while in the scope of his employment with defendant.
Plaintiff contends that on or about June 12, 1969, while working for Charles Kennedy, a brick masonry contractor in Farm-erville, Louisiana, he suffered a sudden sharp pain in his back while helping move a scaffold. He further contends this accident caused the herniation of two discs in his back and has resulted in his being permanently unable to perform manual labor.
In a third party demand by defendant Kennedy and a supplemental petition by plaintiff, it is alleged the Key Life Insurance Company of South Carolina had issued a liability policy to Kennedy protecting him from liability for any accidental injury received by an employee on the job.
Kennedy denies plaintiff’s disability resulted from an accidental injury received while in his employ. Key Life Insurance Company filed an exception of no cause of action to both the third party demands of Kennedy and the supplemental petition of plaintiff asserting the policy issued to Kennedy was not a workmen’s compensation policy.
After trial on the merits the district judge sustained the exception of no cause of action filed by Key Life Insurance Company and rejected plaintiff’s demands against defendant Kennedy.
On this appeal no issue is made as to the correctness of the judgment rejecting all demands against Key Life Insurance Company. Nor is there any contention plaintiff is not permanently disabled to work because of the condition of his back. The sole question presented is whether the disability resulted from any accidental injury suffered by plaintiff while in the employ of Kennedy.
We find no manifest error in the conclusion reached by the trial judge that plaintiff did. not sustain the burden of proving by a preponderance of the evidence that the injury happened while employed by defendant.
Plaintiff worked as a mortar spreader for Kennedy during the spring of 1969. It is disputed as to whether his employment carried over into the month of June, 1969. In his original petition plaintiff alleges he was injured on or about June 12th while helping to move scaffolding. On the day he was injured he contends he felt a sudden sharp pain in his back, and although he continued to work for the remainder of that day, the pain grew progressively worse and he was unable to return to work the next day.
No report of the incident was made to his employer, Kennedy, who usually was present on the job. The three co-employees who worked alongside plaintiff could not remember having heard any complaint by him, nor could they recall being aware in any manner that plaintiff had injured himself. One employee recalled stopping by plaintiff’s home one morning to pick him up and being told by plaintiff’s wife that he was sick and unable to go to work.
Although plaintiff consulted two local doctors in Farmerville during June and *332 July for back pain, he gave no history to either doctor of having received an injury on the job. Dr. Ronald G. Corley, the orthopedic specialist at the Veterans Administration Hospital in Shreveport who diagnosed plaintiff’s back pain as a herniated disc and who performed corrective surgery on July 25, 1969, testified plaintiff did not relate the origin of his back trouble to any injury received while working for his former employer, Kennedy. To the contrary, the history he obtained from plaintiff indicated plaintiff had been having pain in his back over a period of two years. He found scar tissue in the involved area, indicating the problem had existed for some period of time.
Plaintiff contends an authorization by Kennedy for the purchase of a back brace for plaintiff is an acknowledgment by Kennedy that plaintiff was injured on his job. The parties gave conflicting testimony regarding the circumstances surrounding the purchase of the brace. Kennedy contends he merely called a drugstore and agreed to stand good for the purchase by plaintiff and had no knowledge at the time plaintiff may have been injured while in his employ. In addition, Kennedy contends he first learned that plaintiff may have been injured on his job sometime after plaintiff had undergone surgery at the V.A. Hospital. Kennedy testified plaintiff approached him wanting to make a deal for Kennedy to help him recover from Kennedy’s compensation insurer.
Plaintiff must prove the occurrence of an accident causing his disability by a preponderance of the evidence. Liberality of rules of evidence under the Workmen’s Compensation Statute does not lessen the employee’s burden of proving the occurrence of an accident. Smith v. Travelers Insurance Co., 258 So.2d 127 (La.App.2d Cir. 1972); Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App.2d Cir. 1964).
However, the jurisprudence has recognized that the testimony of the plaintiff standing alone may be sufficient to establish the happening of an accident provided his statements are supported by the surrounding circumstances. This rule was applied by this court in Gray v. Southern Farm Bureau Casualty Insurance Co., 134 So.2d 588 (La.App.2d Cir. 1961). Plaintiff argues that the circumstances are as sufficient to corroborate plaintiff’s testimony herein as they were in the Gray case.
Although there is a similarity in some respects in the facts of the cases, there are two important differences. In the Gray case the claimant gave a history to the treating physician soon after his injury stating he had been injured on the job. In the instant case it is unusual the plaintiff visited three doctors and apparently never gave any history depicting the cause of injury being job related. In fact, Dr. Corley testified that plaintiff told him that he had been having back trouble for about two years.
In addition, at the time the plaintiff-employee in the Gray case experienced sharp back pains he was under a truck on his knees lifting and pulling on a crosstie estimated to weigh between 200 and 300 pounds. He was engaged in lifting a heavy object while in a position which would increase the probability of injury to his back. We are faced with a different situation in the case at bar. Plaintiff contends the accident occurred while he was assisting in moving scaffolding consisting of boards weighing 25 to 30 pounds. He was not engaged in lifting a heavy object when the supposed accident occurred. The probability of plaintiff injuring his back as contended is slight as compared with the situation in the Gray case.
We do not find the surrounding circumstances to sufficiently corroborate plaintiff’s testimony in the instant case and find no manifest error in the conclusion reached by the trial judge.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.