McBRIDE, Judge.
This suit for workmen’s compensation at the maximum rate as for total and permanent disability was dismissed by the trial judge because he thought plaintiff had not proven he had met with an accident during the scope and course of his employment, the judge stating in the written reasons for judgment he was not impressed with his testimony. Plaintiff appeals.
Plaintiff was an employee of the Sanitation Department of the City of New Orleans, his duties being to drive an automotive trash pick-up truck and to assist in trash collections. He claimed that about 9 a. m., on Monday, February 18, 1963, while bending over to pick up a small bundle of lumber or trash which was to be loaded onto the truck, he experienced a burning sensation in his back and spine and in the left leg.
He says he stood beside the truck for a few minutes and the burning seemed to get progressively worse. Ultimately he climbed onto the truck and sat down and *785 his two helpers finished collecting the rubbish. He admits driving the truck to other stops along the route and notwithstanding the pain was getting worse, he finished the workday. The next morning (Tuesday) his back was stiff and the burning sensation in the spine and left leg continued. During the morning the foreman (Schott) while “checking the route,” came upon plaintiff’s truck and plaintiff informed him that his back had been giving him some trouble since the previous day. Plaintiff testified that on the next day (Wednesday), an off day, he went to the Baptist Hospital for the purpose of being X-rayed. He states that on Thursday he returned to work but his back pain was so severe he could hardly finish the day. He claims that on Friday when he reported at the yard he was unable to work and complained to Schott of his back.
Plaintiff was admitted to the Baptist Hospital on February 22, 1963, and after a period of diagnostic procedure underwent surgery for a ruptured disc.
Schott testified that on Thursday plaintiff called the yard and reported he had suffered a weak spell on the job. Schott went out and “picked” plaintiff up and brought him back to the yard. On Friday morning plaintiff, who was all “bent over,” told Schott he was not able to work.
Petersen (Superintendent of the Trash Department) states that on Friday plaintiff said he did not know “what come over him.”
Crabtree and Dufrene, plaintiff’s helpers, both stated plaintiff worked all of Monday, February 18, without complaint of an accident or about not feeling well and nothing unusual occurred. Plaintiff also worked Tuesday without incident and no complaints emanated from him. Wednesday was an off day. On Thursday about 8:30 a. m. plaintiff claimed dizziness and “said something about his heart,” and Dufrene at the request of plaintiff called the yard for another driver. Before the complaint was made on Thursday, plaintiff had performed his work in a usual and normal manner without mention of having worked too hard on any previous day. Both helpers on Friday morning saw plaintiff in the yard and he was “hunched” over and stated he did not feel well.
There is material discrepancy as between plaintiff’s testimony and that of the defense witnesses, the latter casting grave doubt that any accident befell plaintiff on any of the three days in question. It seems to us that if plaintiff had met with an accident on Monday and worked in pain for the balance of that day and all of the following day, he would have made some complaint to his helpers or to his superiors. The defense witnesses say plaintiff first complained of physical discomfort on Thursday and at that time told his foreman he had suffered a weak spell on the job. We have carefully scrutinized the evidence and are unable to detect any error, manifest or otherwise, in the judgment. In order for plaintiff to be successful, we would have to accept his uncorroborated testimony, which the trial judge said was unimpressive, over the testimony of the defense witnesses which the trial judge believed and accepted as the predicate for his judgment.
It is too well settled to require the citation of authorities that a plaintiff in a suit for workmen’s compensation is required to make out his case by a preponderance of the evidence with the same degree of legal certainty as is required in any other civil case. This plaintiff has not done.
The judgment appealed from is affirmed.
Affirmed.