LANDRY, Judge.
In this action plaintiff, Jessie J. Gau-treaux, seeks workmen’s compensation benefits from his employer, McDermott Fabricators, Inc. (McDermott) and its insurer, The Travelers Insurance Company (Travelers), for alleged total permanent disability reputedly resulting from an accident causing injury to plaintiff’s right knee. The trial court rejected plaintiff’s demands on the ground that plaintiff failed to establish the .occurrence of an injury producing accident during the course of his employment by McDermott. From said unfavorable determination, plaintiff has appealed. We are in accord with the finding of the trial court and affirm the decision rendered below.
Plaintiff’s initial petition recites the happening of an accident on May 3, 1966, causing injury to his left knee. The petition further avers the accident occurred while plaintiff, a “fitter”, was doing repair work inside a barge being renovated by defend *784 ant. In substance, plaintiff alleges he slipped and struck his left knee on an angle iron. The blow is said to have resulted in a torn medial cartilage to the affected member. Subsequent to filing the original complaint, appellant caused it to be amended to reflect the injury was to his right knee instead of the left. During trial, upon it appearing from defendant’s records that the alleged accident, if any, occurred. May 10, 1966, instead of May 3, 1966, as contended by plaintiff, the court permitted appellant to further amend his petition to show the occurrence of the reputed accident on said latter date.
Before considering the merits of the present appeal, we shall first dispose of plaintiff’s contention the trial court erred in not granting plaintiff’s timely motion for judgment on the pleadings. In this connection counsel for appellant maintains the motion should have been granted because (1) defendants failed to verify their answer as required by LSA-R.S. 23:1315, and (2) defendants did not respond to Article 16 of the petition which alleged the occurence of the accident, consequently the happening of the accident must be deemed admitted and no proof thereof was required.
We find no merit in the contention the trial court erred in permitting verification of defendant’s answer after commencement of trial. LSA-R.S. 23:1315 (the Louisiana Workmen’s Compensation Law) specifically authorizes a trial court, in its discretion, to permit amendment of the petition or answer at any stage of a suit for workmen’s compensation benefits. We hold that permitting verification of either the petition or answer in such proceedings falls within the ambit of the intent of Section 1315, supra, and permitting defendants herein to verify their answer under the circumstances shown was not an abuse of the discretion vested in the trial court in matters of this nature.
The “amendment” of defendant’s answer, objected to by appellant, resulted from the fact that the trial court permitted defendants to revise Article 16 of their answer to read that they therein denied the allegations of Article 16 of plaintiff’s petition instead of Article 15. The necessity for such amendment arose from the fact that Article 15 of defendants’ answer admits the allegations of paragraph 15 of the petition to the effect that McDermott’s business is hazardous. However, in responding to Article 16 of plaintiff’s complaint (which alleges the occurrence of the accident), defendants in Article 16 of their answer denied the allegations of Article 15. The trial court rightly concluded that defendants inadvertently used the word “fifteen” in paragraph sixteen of their answer inasmuch as it was obvious they intended to therein deny the allegations of paragraph 16 since the averments of Article 15 of the petition were admitted in paragraph 15 of the answer. Under the circumstances shown, we find the trial court correctly exercised its discretion in permitting the amendment noted.
A final procedural issue is raised by appellant who contends his cause was prejudiced by what he terms arbitrary action on the part of counsel for defense and the trial court in fixing the trial date. We find no substantiation of the argument in the record. It appears trial of the matter was indeed set aside on motion of counsel for defendant on more than one occasion. Ultimately, however, the trial date was fixed on motion of defendants, not plaintfif. Nothing in the record establishes that appellant’s claim was in the slightest degree prejudiced by the continuances granted.
The record establishes that plaintiff is in fact afflicted with a disabiling condition of his right knee. We agree, however, with the trial court’s conclusion that the sole issue to be determined in this matter is whether plaintiff has proved by a preponderance of evidence (as he is required to do by law) that the disability shown resulted from an accident which transpired while he was in McDermott’s employ. The question, therefore, is purely factual in nature.
*785 By way of pertinent background information, it is conceded by all parties that on May 8, 1964, plaintiff sustained an injury to his left knee while employed by McDermott. It also appears that this old injury was the source of recurring discomfort to such extent that plaintiff from time to time received treatment therefor at McDermott’s dispensary. It further appears that plaintiff had sustained other injuries which he reported to his employer and for which he was furnished treatment by McDermott’s dispensary nurse and company physician. The record contains ample evidence to support the conclusion that plaintiff was fully cognizant of the procedure involved in reporting the occurrence of an on the job accident.
Appellant’s testimony is to the effect that at the time of the alleged accident (which he believed to be May 3, 1966, but which, as previously shown, actually was May 10, 1966), appellant and a helper, Willie Leonard, were working inside a barge when appellant slipped and struck his right knee on a piece of angle iron. He attempted to stand but his leg would not support him so he sat down. While appellant was seated, Leonard turned around and inquired what had happened. Appellant informed Leonard that appellant had bumped his knee against a piece of angle iron and Leonard suggested that appellant report to the company dispensary on the premises. Appellant then went to the dispensary and reported the accident to the company nurse, Mrs. Fay McKinstry, there being no physician on duty at the time. Plaintiff finished his day’s work and returned to the dispensary the following morning on which occasion he was seen by Dr. Walter H. Daniels, Mc-Dermott’s company physician. On this occasion he was administered heat therapy. In addition to reporting the incident to the nurse and Dr. Daniels, he also informed his foreman, John Tisdale, of the accident. Plaintiff stated further he saw Dr. Daniels on a Wednesday and terminated his employment with McDermott on Saturday of that same week. Just prior to terminating his employment with McDermott, plaintiff was examined by Dr. Philip J. Culotta, New Iberia, Louisiana, and given a pre-employment physical in connection with plaintiff’s application for employment with a concern known as Movible Offshore. On the occasion of this examination plaintiff reported the accidental injury of his right knee to Dr. Culotta and further informed Dr. Culot-ta he had been receiving treatment for such injury from Dr. Daniels. Following termination of his employment with McDermott, plaintiff worked one week for Movible Offshore. At the end of this period, his right knee was causing considerable pain which prompted him to consult Dr. Daniels on a Sunday. Plaintiff was seen by Dr. Daniels on that Sunday and the following day, on which latter occasion Dr. Daniels referred plaintiff to an orthopedist, Dr. George R. Cary, of New Orleans. Thursday of the same week, plaintiff consulted Dr. Cary who advised surgery. Plaintiff preferred to have the suggested surgery performed by a doctor from plaintiff’s hometown of Lafayette, Louisiana, and for that reason plaintiff consulted Dr. Fred C. Webre from that community. Dr. Webre performed surgery on plaintiff’s right knee. Following the operation, plaintiff was unable to work for a rather long period of time. At the time of trial, however, plaintiff was employed as a fitter but worked only in pain and was unable to fully perform all the duties of his occupation. Plaintiff was certain that during the course of the presurgical examinations by Drs. Cary and Webre, plaintiff informed them, both that he sustained an accidental injury to his right knee on or about May 3, 1966.
In essence plaintiff’s co-worker, Willie Leonard, testified he was working on a barge with plaintiff during the month of May, 1966. He also stated that whereas he did not see plaintiff slip and fall, he was present on an occasion when upon turning around he observed plaintiff sitting down rubbing his right knee. Upon inquiring what was the matter, plaintiff informed him that plaintiff had struck his right knee on a *786 piece of angle iron. Leonard then stated he advised plaintiff to see the company doctor and plaintiff went to the company dispensary that day. According to Leonard, plaintiff did not see the doctor that day as it was not the doctor’s day to visit the clinic but that the following day plaintiff returned to the dispensary.
In well written reasons for judgment the trial court, in commenting on the evidence, considered the foregoing testimony would, under ordinary circumstances, be sufficient to support plaintiff’s claim that an accident occurred during the course of plaintiff’s employment by McDermott. The trial court found, however, that “this evidence would be ample to support the conclusion that the plaintiff had made out his case as the law requires, and it would be so here, had not Mr. Gautreaux so completely and utterly discredited his testimony and his claim by the things he repeatedly said and did for no detectable reason and then categorically denying, in the face of overwhelming evidence to the contrary, that he made these statements.” In reaching the conclusion stated, the trial court considered the testimony of the witnesses hereinafter mentioned.
Mrs. Fay McKinstry, nurse in charge of McDermott’s dispensary, testified she was well acquainted with plaintiff and had rendered aid and treatment to plaintiff on numerous occasions over the years, including treatment for the 1964 injury to plaintiff’s left knee. She was certain plaintiff reported no new injury on either May 10, or 11, 1966, because any original injury would have been entered in her log. According to Mrs. McKinstry, her records disclose that plaintiff reported to the dispensary on May 11, asking to see the doctor because the old injury to his left knee was giving him trouble. She administered diathermy but her records do not reveal which knee was treated. She was certain, however, treatment was given the left knee, not the' right. She further stated her records indicate that the only visit plaintiff made to the dispensary during the first two weeks of May, 1966, was May 11, 1966, on which date plaintiff was given diathermy treatment and also that plaintiff reported no new injury on this occasion.
Dr. Walter H. Daniels recalled treating plaintiff at the dispensary on May 11, 1966, but did not remember plaintiff reporting a new injury at this time. He also saw plaintiff on Sunday, May 22, 1966, and the following day as related by plaintiff. When he made the appointment for plaintiff to consult Dr. Cary, Dr. Daniels was of the impression plaintiff was complaining of the old injury to plaintiff’s left leg. Dr. Daniels also stated that at no time did plaintiff inform him of an injury to plaintiff’s right leg.
Testifying by way of deposition, Dr. Philip J. Culotta stated he examined plaintiff May 12, 1966, incident to plaintiff’s application for employment with Movible Offshore. On this occasion plaintiff did not report an accident involving plaintiff’s right knee. The result of Dr. Cullotta’s examination was that plaintiff was found employable.
Drs. George R. Cary and Fred C. Webre, both of whom testified by deposition, deposed in substance that each believed he was examining plaintiff for a two year old injury and not for disability arising from recent accident. Dr. Cary stated he elicited from plaintiff a history of a two year old accident. Dr. Webre testified plaintiff narrated a history of a 1964 accident which occurred while plaintiff was in McDermott’s employ, the accident producing some pain and swelling at the time. Plaintiff further recited that about three weeks before consulting Dr. Webre, plaintiff commenced experiencing severe pain on getting up and down in performing plaintiff’s normal duties, which condition compelled plaintiff to cease work and consult Dr. Daniels for treatment.
John Tisdale, a superior to whom plaintiff testified the accident was reported on either May 10 or 11, 1966 (the day or day *787 after it allegedly occurred), deposed he did not recollect such an incident. Moreover, McDermott’s payroll records establish that Tisdale did not work at defendant’s plant on either of said dates.
Louis Boudreaux, McDermott’s foreman (plaintiff’s immediate superior) testified that some time after plaintiff left Mc-Dermott’s employ, plaintiff talked with him on defendant’s premises. On this occasion plaintiff, accompanied by a friend who was seeking employment with McDermott, explained that plaintiff was not then working because his knee was giving him trouble. Boudreaux asked plaintiff whether it was the old knee injury and plaintiff responded that it was and inquired whether Mc-Dermott or its insurer might assist in paying the medical bills. Boudreaux further stated he advised plaintiff to check with the personnel department who might be able to render some help.
Mr. Carl E. Rawls, Director of Industrial Relations and Safety for McDermott, testified that in late May, 1966, plaintiff came to him and stated plaintiff was experiencing difficulty with his old knee injury. Plaintiff inquired whether McDermott or its insurer would help pay the medical expense involved in treatment. Rawls’ reply was that he was not certain anything could be done inasmuch as plaintiff had previously terminated his employment with McDermott and was then working for another concern.
McDermott’s personnel supervisor, Addison J. Daigle, stated plaintiff contacted him June 9, 1966, asking if McDermott or its insurer would assist plaintiff financially because plaintiff’s knee was giving him trouble. Mr. Daigle was certain that plaintiff was referring to the former injury to plaintiff’s left knee and that plaintiff did not mention an accident occurring in May, 1966, resulting in injury to plaintiff’s right knee.
We, as well as the trial court, are unable to explain why plaintiff repeatedly attributed the recent condition of his right knee to an accident which occurred two years previously and involved only the left knee.
Although the consensus of medical opinion is that the condition of plaintiff’s right knee is undoubtedly due to an accident of some sort, plaintiff has failed to establish with that degree of certainty required by law that the accident which caused said injury occurred during the course of plaintiff’s employment by McDermott. See Guillory v. New Amsterdam Casualty Co., 244 La. 225, 152 So.2d 1.
Appellant also prays for judgment for penalties and attorney’s fees because of defendants’ alleged arbitrary and capricious failure to pay compensation benefits despite proper notice of plaintiff’s claim. Inasmuch as we hold defendants are not liable for any compensation whatsoever, said issue becomes moot.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.