BOLIN, Judge.
James L. Dooley filed suit against Reserve National Insurance Company to recover for three hospital confinements under two policies of insurance issued by defendant. In addition to the sum to which plaintiff claimed he was entitled, he also sought penalties and attorney’s fees allegedly due on each claim because of defendant’s failure to pay his claims within thirty days after receipt of proof of loss forms, under Louisiana Revised Statutes 22:657.
Following trial the district court rendered judgment in favor of plaintiff for $2,878.88, the amount due for the first two confinements, with penalties and attorney’s fees, and for the third confinement without penalties, subject to credit of $872 paid the hospital. From this judgment defendant perfected a suspensive appeal and plaintiff answered the appeal asking for an increase in the awards to allow for an additional day on each claim under the hospital indemnity policy, plus penalties and attorney’s fees on the third claim. For reasons hereinafter assigned we affirm the judgment of the lower court.
The parties stipulated some of the facts and adduced testimony relative to the events and circumstances which defendant urges caused the delay in payment. The sole issue is whether plaintiff was entitled to recover the full amount of his three claims together with penalties and attorney’s fees on each. This, in turn, requires interpretation of La.R.S. 22:657 in light of all the facts presented.
It was stipulated the two policies were in effect at all times during plaintiff’s three confinements in the hospital; that the confinements were the result of one accidental injury, not work connected, and not ex-cludable under any clause in the policies; that proof of the claims had been submitted in accordance with the policies and that defendant was liable under the policies *131 for whatever amounts might be due in accordance with the provisions of the two policies.
Louisiana Revised Statute 22:657 provides :
“Sec. 657. Payments of claims; health and accident policies; penalties
“A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases. . . .”
Appellant contends the circumstances were such that it had reasonable grounds, such as would put a reasonable and prudent business man on his guard, to investigate the validity of plaintiff’s claims and that it took only the time necessary to complete this investigation before tendering plaintiff the amount due him.
Appellee, in his answer to the appeal, denies that any of the circumstances surrounding his hospitalization were “suspicious” and urges defendant had ample time within which to investigate any and all of the claims within thirty days after proof of loss forms were received by it.
Plaintiff was involved in an accident December 9, 1970 which caused his hospitalization from December 10, 1970 through December 23, 1970; from December 26, 1970 through December 29, 1970; and from January 26, 1971 through February 3, 1971. The date of the accident coincided with the issuance date of the policies. Written notice and proof of claim for the first two confinements were received by the insurance company on January 27, 1971. A letter from plaintiff’s wife advising of the third hospital confinement was received by defendant on February 1, 1971, while plaintiff was still in the hospital, and proof of claim for this confinement was received by the company March 15, 1971.
Mr. Cole, secretary and supervisor of claims for defendant company, testified the company’s suspicions were aroused because of the fact plaintiff went into the hospital the day after the policy was issued. Further, the company was suspicious of its agent who wrote the policy, as it had received a number of claims on policies recently written by him shortly after the policies were issued. On February 17, 1971, information concerning plaintiff’s medical history and his hospital records was requested of the Retail Credit Bureau and of the hospital. The investigative report was received by the company on March 1, and on March 8 Mr. Cole personally went to the hospital and obtained the records of the confinements upon which this demand was predicated. On the same day this witness went to plaintiff’s home and offered $500 in settlement of the entire claim, which offer was refused. The following day plaintiff consulted his attorney and suit was filed March 19, 1971. On March 15, Cole, having satisfied himself the demands were valid, returned to the home office and authorized issuance of checks for the amount the company contends it owed under the policies. These checks were not cashed.
*132 As we perceive the question it is twofold: did the circumstances warrant the doubts entertained by defendant company; if so, did it exercise that diligence expected of a reasonable, prudent business man in determining the truth or falsity of its suspicions so as to avoid the penalties imposed by R.S. 22:657 in failing to pay claims number one and two within thirty days?
We find the testimony of Mr. Cole supports the lower court’s conclusion that the thirty days permitted the company was ample time within which to satisfy itself the claims were bona fide. Therefore, plaintiff was entitled to payment within the time limit imposed by the statute. We find plaintiff is entitled to judgment for claims one and two, plus penalties and attorney’s fees. As to claim number three, we agree with the lower court that it was paid within less than thirty days from reception of proof of loss and no penalties attach to this claim.
Plaintiff contends, in his answer to the appeal and in brief, that he is entitled to be indemnified for the last day of each confinement for which the hospital did not charge him, i. e., the day he was discharged. The indemnity policy provides the insured is entitled to indemnification at the rate of $25 per day while “confined as a resident in-patient in a hospital . for the period of such continuous confinement, . . . . ”. There is no evidence to substantiate his contention that he was confined in the hospital any longer than the periods for which he was charged, i. e., 26 days, for which the judgment awarded him $25 per day. As a consequence we have no basis for increasing the award to include the claim for three additional days. We further find the award of $620 as attorney’s fees was neither excessive nor inadequate.
The judgment is affirmed at defendant’s cost.