MARVIN, Judge.
Plaintiff-employee, Arthur Crump, in this workmen’s compensation proceeding appeals the rejection of his demands. We affirm.
Crump worked as a laborer-serviceman and deliveryman for Goodyear for approximately two years before he was terminated on March 18, 1972, because of habitual and unexcused absences from work for which he had been often reprimanded. After he was fired, Crump brought suit alleging total and permanent disability under the compensation law because of an accident which occurred during the week of March 12, 1972, when he fell while manipulating a refrigerator on a hand delivery truck and injured his back. The refrigerator fell on him while he and another employee were delivering the refrigerator to a retail customer of the Goodyear store. Crump performed his normal duties without incident afterwards. Two or three days after the incident, when he was arising one morning from bed, painful symptoms of an intervertebral lumbar disc struck the plaintiff. He thereafter saw his doctor for treatment. Until the suit was filed on June 15, 1972, and served, the employer was not notified of the alleged accident.
A sister of the customer who purchased the refrigerator saw the accident occur and corroborated plaintiff’s testimony about him falling and the refrigerator falling on him. She acknowledged that plaintiff made no complaints of injury and that he proceeded afterwards with the delivery.
Plaintiff’s treating physician, an orthopedic, saw plaintiff on March 3, 1972. Plaintiff informed him that a general practitioner had been treating plaintiff for back and leg pain for some four months. The orthopedic noted at that time objective symptoms of a ruptured disc at the L5-S1 vertebral interspace. Conversative treatment was. prescribed. On March 22, 1972, the orthopedic next saw plaintiff and noted *374 Pam worse — Lifted refrigerator last week —Worse since — Constant pain . . .” Plaintiff was hospitalized for two periods of time after this visit. A myelogram, done in May 1972, revealed the disc defect at L5-S1. Finally, on August 22, 1972, the discsectomy was performed. Medical disability was estimated by the orthopedic as “ten percent total body disability” when the orthopedic last saw plaintiff in March, 1973.
There is no question but what the plaintiff proved that he sustained the accident referred to as the refrigerator incident within the several days before he was fired on March 18, 1972. The question in this case is not “accident,” but of causal connection or cause-in-fact between the refrigerator incident (certainly a work-related activity of the employee) and the thing (the ruptured disc or aggravation thereof) which resulted in the disability. Essentially this is a question of fact. See Francis v. Gerlach Meat Co., Inc., 319 So.2d 534 (La.App.2d Cir. 1975).
The orthopedic doctor knew the plaintiff’s history and further hypothetically assumed that for two or three days before the refrigerator incident and for two or three days after the refrigerator incident the plaintiff to have been free of disc 'symptoms. The questions were asked and answered in these words:
“Q Is it not a fact, Doctor, that based upon that assumption of facts there is no way in the world that you could express an opinion with any medical certainty at all that the refrigerator episode had anything to do with injuring this man’s back or even aggravating any pre-existing injury that he had?
“A No, sir, I can’t say that. I just don’t know.”

Record, page 93.

“Q There was some question as to the cause of the rupture of this man’s disc and I believe it would be fair to say, would it not, Doctor, that you would certainly not be in a position to say that by' reason of anything that may have been associated with his employment, opposed to one of these other causes we were talking about a while ago, bending the wrong way at home or getting out of bed the wrong way or something—
“A I can’t say.”

Record, page 100.

Even on direct examination, the doctor stated: “Now I know the reason for this case is to decide whether or not Mr. Crump’s ruptured disc is secondary to his job. And frankly, I don’t think I am going to be able to answer that.”
The lower court held that plaintiff did not prove the causal connection. Finding no manifest error, and at appellant’s cost, judgment below is
Affirmed.