MARVIN, Judge.
Plaintiff-employee appeals from a judgment rejecting his demands in a workmen’s compensation suit. We affirm.
The question presented is whether plaintiff met the burden of proving an accidental injury during the course and scope of his employment and causal connection between the alleged accident and the ruptured intervertebral disc resulting in the disability. This is essentially a question of fact. See Crump v. Goodyear Tire & Rubber Co., 325 So.2d 373 (La.App. 2d Cir. 1976).
Plaintiff contends the accident occurred on January 31, 1974, when he strained himself while lifting and carrying a metal cylinder of about 65 pounds for some distance to be altered by machine. Plaintiff saw his private doctor on the day following the alleged accident. This doctor had earlier hospitalized and had been treating plaintiff for a back strain or sprain which occurred when plaintiff was on a fishing trip a few weeks before January 31, 1974. Plaintiff did not relate to his private doctor the alleged lifting incident of January 31.
On the same date that plaintiff saw his private physician (Friday, February 1, or possibly Monday, February 4, 1974), plaintiff saw the company doctor at the place of employment. This doctor referred plaintiff to a Shreveport orthopedist, who saw plaintiff on February 5, 1974. Plaintiff told neither doctor about any on-the-job accident or incident, but related his injury to his fishing trip of several weeks before, while off the job. Both doctors questioned plaintiff extensively to obtain his medical history regarding back trouble.
A laminectomy and discectomy was performed on plaintiff by the orthopedist on February 26, 1974. While plaintiff was still under the care of the orthopedist, his employment with his employer was terminated on March 6, 1974, because of a general layoff. On April 15, 1974, plaintiff returned to the orthopedist and told him that he had experienced several injuries while at work which “might have contributed” to his back condition (to use the orthopedist’s words). The orthopedist had plaintiff dictate to a secretary the work related history plaintiff desired to have entered on his medical records. Suit was filed on July 11, 1974.
On October 14, 1974, plaintiff was seen by a specialist for electromyographic studies. The specialist testified that he took a careful history from plaintiff and plaintiff denied any back trouble or treatment prior to the alleged incident of January 31, and made no mention to the specialist of an injury which occurred on a fishing trip.
At the trial on December 3, 1974, plaintiff’s superior testified that plaintiff told him in January 1974 that plaintiff had hurt his back. On May 31, 1974, plaintiff’s superior had given a statement that he could not remember plaintiff making any such statement to him in January 1974. Neither plaintiff nor his superior formally reported any accident or injury to plaintiff as they were required to do by company rule. Plaintiff admitted he was aware of the rule and that he purposely did not make *896 the required report because he wanted to “protect” the safety record of himself and the company.
The lower court thought it significant that plaintiff did not call as a witness his private doctor who hospitalized him for back trouble following the fishing trip incident before January 31, and who allegedly saw plaintiff on February 1, after the alleged incident while on the job. We agree. See Marion v. New Orleans Public Service, Inc., 306 So.2d 758 (La.App. 4th Cir. 1975).
The lower court noted the “conflicting evidence” and concluded that plaintiff failed in his burden of proof. We find no manifest error in the lower court’s findings or conclusions.
At appellant’s cost, the judgment below is
AFFIRMED.