GULOTTA, Judge.
Defendant appeals from a total and permanent disability award in a workmen’s compensation case. It is defendant’s contention, on appeal, that plaintiff failed to show by a preponderance of the evidence that back injury resulting in the removal of a cervical disc was caused by a job-related accident and, alternatively, that plaintiff failed to establish total and permanent disability. We affirm.
According to plaintiff, while bending to pick up meat in connection with his duties as a butcher, he suffered neck injury resulting in the removal of a ruptured disc at the C-6, C-7, interspace, causing total and permanent disability.
Supporting its contention that plaintiff’s back problem was not work-related, defendant points out that no report was made by plaintiff to the store manager on the day of the accident, December 27, 1973, or on the day following the accident when plaintiff and the store manager had lunch together while at work. Defendant further points out that on December 29, while in the emergency room at Touro Infirmary and at the office of an orthopedic surgeon (who performed the operation), plaintiff denied connection between his neck problem and any accident. Both the store manager and a meat merchandiser at A&P, according to defendant, stated that plaintiff had not mentioned the accident or injury until January 5, 1974, after surgery had been recommended. Additionally, defendant maintains that contrary to its established policy, no report of the accident was made by plaintiff to the store manager immediately after the occurrence although plaintiff had been aware of defendant’s policy requiring injured employees to do so.
Defendant suggests that the trial judge erred in placing any credibility on the testimony of plaintiff’s immediate boss, Lennox Roy. This witness (Roy) stated that on the day of the unwitnessed accident, plaintiff had told him that he had waited on a customer purchasing a shoulder roast and that he thought he had hurt himself. Roy further testified that on the following day while plaintiff was cutting meat and waiting on customers, Todero had complained that “he was kind of hurting”.
Plaintiff, on the other hand, in addition to testifying that he had told Roy of the accident and resulting pain within 30 minutes after its occurrence, also stated that he had informed the store manager of the incident at lunch the following day. The conflicting testimony was resolved in favor of plaintiff by the trial judge. We cannot say he erred, as claimed by defendant.
We also reject defendant’s alternative contention that plaintiff’s inability to lift in excess of 25-30 pounds would not impair his meatcutting duties. Unrebutted is plaintiff’s testimony that requirements of his job involved handling meat weighing between 110 and 120 pounds. Furthermore, Dr. Kenneth N. Adatto, the orthopedic surgeon, testified that plaintiff was restricted from lifting objects in excess of 25-50 pounds. According to Dr. Adatto, plaintiff could not resume his preinjury occupation because of the requirement that he handle heavy sides of meat. The doctor further indicated that it is “extremely plausible and possible” that the incident described by plaintiff could have caused the disc problem.
 It is true, as pointed out by defendant, that plaintiff bears the burden of showing by a preponderance of the evi *390 dence, just as in any other case, that the accident and disability were work-connected. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963); Jones v. Hauser Printing Company, 182 So.2d 829 (La.App. 4th Cir. 1966). However, it is also equally well-established that questions of a work-related accident and causal connection between the accident and the disability are factual in nature[1] and will not be set aside absent manifest error.[2]
In the cases cited by defendant to support its burden-of-proof claim,[3] the reviewing courts affirmed dismissals of plaintiffs’ claims based on factual determinations. These cited cases are not authority for defendant’s suggestion that the credibility determinations made by the trial judge should be set aside.
We conclude that the factual findings made by the trial judge, based on credibility determinations, are supported by the record. Having so concluded, we reject defendant’s contention that plaintiff failed to show by a preponderance of the evidence that the injury was job-related and that plaintiff sustained total and permanent disability. The judgment is affirmed.

AFFIRMED.

. Crump v. Goodyear Tire & Rubber Company, 325 So.2d 373 (La.App. 2d Cir. 1976); Francis v. Gerlach Meat Company, Inc., 319 So.2d 534 (La.App. 2d Cir. 1975).

. Serean v. Kaiser Aluminum & Chemical Corporation, 277 So.2d 732 (La.App. 4th Cir. 1973); Rebaudo v. Security Insurance Company, 259 So.2d 467 (La.App. 4th Cir. 1972).

. Kirkham v. Consolidated Underwriters Insurance Company, 219 So.2d 827 (La.App. 2d Cir. 1969); Pritchard v. City of New Orleans, 162 So.2d 784 (La.App. 4th Cir. 1964); Setliff v. Vaughn, 198 So.2d 178 (La.App. 3d Cir. 1967); Gautreaux v. Travelers Insurance Company, 205 So.2d 783 (La.App. 1st Cir. 1967); Alien v. George W. McCoy & Company, 176 So.2d 173 (La.App. 4th Cir. 1965); Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App. 2d Cir. 1964); Dooley v. Reserve National Insurance Company, 258 So.2d 129 (La.App. 2d Cir. 1972).